United States District Court
Southern District of Texas
**ENTERED**
December 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELVIN ELIAS SERRANO-SALGUERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-06010 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

### TEMPORARY RESTRAINING ORDER

The petitioner, Kelvin Elias Serrano-Salguero (#A-203-783-486), is a detainee in the custody of United States Immigrations and Customs Enforcement. He has filed a petition for a writ of habeas corpus and a motion for a temporary restraining order.

**A.   Background**

The facts asserted below are taken from the petitioner's motion. The petitioner is a citizen of Guatemala. He fled Guatemala to escape threats and violence. He entered the United States without inspection on or about November 20, 2019. He fears that he will face serious risk of persecution and torture if returned to Guatemala. The petitioner has filed an Application for Asylum and for Withholding of Removal under the Convention Against Torture.

On November 13, 2025, the petitioner was detained by ICE following a traffic stop. He requested a bond hearing but was denied because the Immigration Judge concluded that he lacked jurisdiction under a recent Board of Immigration Appeals decision. The petitioner now seeks a temporary restraining order enjoining the government from removing him and ordering his release from custody.

1 / 4

### I. Legal Standards

There are four prerequisites for the extraordinary relief of a temporary restraining order. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

### II. Analysis

#### A. Likelihood of Success on the Merits

The petitioner asserts facts showing that he is not under a final removal order and that his detention is therefore unlawful. 8 C.F.R. §1003.6; *Zadvydas v. Davis*, 533 U.S. 678 (2001). He therefore demonstrates a likelihood of success on the merits of her petition.

#### B. Irreparable Harm

Petitioner fears that he will be removed to Guatemala where he could be subject to torture and persecution. If removed to a third country, petitioner would be forced to fend for himself in a country where he has no citizenship or contacts. Petitioner demonstrates that he will suffer irreparable harm in the absence of relief.

### C. Relative Injury

As noted above, the petitioner suffers grave and irreparable harm if he is removed from the United States, including possible persecution. Maintaining the status quo pending resolution of the petitioner's request for a preliminary injunction, however, causes only *de minimis*, if any, injury, to the respondents. This factor lands in favor of the petitioner.

### D. Public Interest

Maintaining the status quo to allow for full and fair adjudication of the petitioner's claims serves the public interest. If the Court ultimately determines that the petitioner is subject to removal, the government can carry out that removal at a later date. There is no reason to believe that the petitioner's continued presence in the United States poses any risk to the public or to the security or safety of the United States.

### E. Conclusion

All four factors weigh in favor of granting temporary injunctive relief.

### F. Notice and Security

The Court takes judicial notice of the fact that the government has, in recent memory, removed and attempted to remove detainees from the United States during the pendency of their judicial proceedings. The risk of petitioner's imminent removal mooting these proceedings necessitates waiving notice to the respondents prior to the issuance of this order.

The respondent faces no financial harm from compliance with this order. The Court therefore waives any requirement that the petitioner post security.

## III. Order

It is hereby ORDERED as follows:

1. The petitioner's motion for a temporary restraining order (Doc. # 2) is GRANTED;

2. The respondents, their agents, employees, and successors are restrained and enjoined from removing the petitioner from the United States while this order remains in effect;

3. The respondents shall notify all relevant personnel that the petitioner is not to be removed while this order remains in effect;

4. The respondents shall effect the petitioner's immediate release from custody. The petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release; and

5. The petitioner shall comply with all reporting requirements set by ICE, as well as ankle monitoring at the discretion of ICE, while this petition remains pending

The Court will schedule a hearing on the petitioner's request for a preliminary injunction by separate order.

This temporary restraining order is entered on December 16, 2025 at 11:30 a.m. and will expire 14 days therefrom unless dissolved earlier or extended by court order.

It is so ORDERED.

SIGNED on December 16, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge